**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF OHIO
Eastern Division**

| | |
|---|---|
| **WOLF CREEK CONTRACTING COMPANY, LLC,** | **Case No.:  2:19-cv-04142** |
| **Plaintiff,** | **Judge Sarah D. Morrison** |
| v. | **Magistrate Judge Kimberly A. Jolson** |
| **CALVIN CONTRACTORS, INC.,** | **MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| **Defendant.** | |

**I.**

**STATEMENT OF FACTS**

Wolf Creek Contracting Company, LLC ("Wolf Creek") is a limited liability company incorporated under the laws of Ohio.  Complaint, ¶1; Answer, ¶1.  Calvin Contractors, Inc. ("Calvin") is a West Virginia corporation, with its principal place of business located in Nicholas County, West Virginia.  Complaint, ¶2; Answer, ¶2.

This case arises out of a contract ("Agreement") between Calvin and Wolf Creek relating to the construction of the Nicholas County Transfer Station in Calvin, West Virginia ("Project").  Aff. Don Gatewood, ¶3.  Pursuant to the Agreement, Calvin agreed to provide manpower, supplies, equipment and all other requirements necessary to complete and fully perform all of the work required for the site work on the Project.  Aff. Don Gatewood, ¶4.  As sole compensation for Calvin's work on the Project, Wolf Creek agreed to pay Calvin, in monthly payments and based upon proportionate value of work installed, sixty-five thousand and 00/100 dollars ($65,000.00).  Aff. Don Gatewood, ¶5.

Calvin began its work on the Project in April 2018.  Complaint, ¶10; Answer, ¶10.  Calvin received $22,813.65 from Wolf Creek.  Complaint, ¶12; Answer, ¶12.  Wolf Creek subsequently removed Calvin from the Project.  Complaint, ¶22; Answer, ¶22.  On August 16, 2018, Calvin filed a mechanic's lien against the Nicholas County Solid Waste Authority ("NCSWA") in the amount of $42,660.00.  Aff. Don Gatewood, ¶6.  The NCSWA is a public agency and waste authority formed and operating pursuant to W. Va. Code 22C-4-1, et seq.  Aff. Don Gatewood, ¶7.  To date, Calvin has not commenced an action to enforce the lien.  Aff. Don Gatewood, ¶8.

On May 14, 2019, Wolf Creek entered into a Settlement Agreement with the NCSWA to set out the terms and conditions of a negotiated settlement for certain items that needed to be completed on the Project.  Aff. Don Gatewood, ¶9.  Under paragraph 3(c) of the Settlement Agreement, Wolf Creek agreed to defend and indemnify the NCSWA from any damages or losses arising from Calvin's mechanics' lien and Wolf Creek is subrogated to the rights of the NCSWA with respect to any damages or losses that are paid by Wolf Creek under its agreement to defend and indemnify the NCSWA.  Aff. Don Gatewood, ¶10.  The Settlement Agreement also expressly granted Wolf Creek the authority to file an action on behalf of the NCSWA to secure a release of Calvin's mechanics' lien.  Aff. Don Gatewood, ¶11.

## II.

### STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.  *Davis v. Jackson County Mun. Court*, Case No. 2:11-CV-00919, 2013 U.S. Dist. LEXIS 58177 (S. D. Ohio Apr. 23, 2013)(citing Fed. R. Civ. P. 56(a)).  The party seeking summary judgment always

bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The burden then shifts to the non-moving party who must set forth specific facts showing that there is a genuine issue for trial. *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986)).

### III.

### LAW AND ARGUMENT

**A. Defendant's Mechanic's Lien is void, legally ineffective, released and/or discharged.**

Even if Calvin had properly and timely completed the work under the Agreement (which is disputed by Wolf Creek), the real property and improvements on the Project site, which Calvin attempted to lien, is public property owned by the NCSWA. Calvin's mechanics' lien is not properly filed because public property is not subject to a mechanic's lien. West Virginia Code 38-2-39 expressly states that "[n]othing in this article shall be construed to give a lien upon such a public building or improvement as is mentioned in this section, or upon the land upon which such public building or improvement is situated." Calvin's purported lien is therefore void and legally ineffective.

Also, even if Calvin's mechanics' lien was properly filed, a mechanics' lien claimant is required to commence an action to enforce payment of the lien within 6 months of the filing. West Virginia Code 38-2-34(a), expressly states that "[u]nless an action to enforce any lien authorized by this article is commenced in a circuit court within six months after the person desiring to avail himself or herself of the court has filed his or her notice in the clerk's

office, as provided in this article, the lien shall be discharged."  Here, since Calvin has not timely commenced an action to enforce payment of the lien, its lien is discharged.

Pursuant to the Declaratory Judgment Act, 28 U.S.C. 2201, this Court has the authority to enter a judgment declaring the legal rights of the parties and the effectiveness of the mechanic's lien.  Wolf Creek is therefore entitled to judgment from this Court declaring that the mechanic's lien void, legally ineffective, released, and/or discharged.

## B.    Defendant lacks capacity to maintain its Counterclaim.

Ohio Revised Code 1703.03 states that "[n]o foreign corporation not excepted from sections 1703.01 to 1703.31 of the Revised Code, shall transact business in this state unless it holds an unexpired and uncanceled license to do so issued by the secretary of state."  Ohio Revised Code 1703.29(A) states that "no foreign corporation that should have obtained such license shall maintain any action in any court until it has obtained such license."

The filing of a counterclaim constitutes "maintaining an action."  *See Quality Int'l Enters. v. IFCO Sys. N. Am., Inc.*, 9th Dist. Summit No. C.A. 23131, 2006-Ohio-5883, ¶ 9 (holding that the filing of a cross-claim constitutes "maintaining an action" under R.C. 1703.29(A)).  Immediately upon filing an action, a party is maintaining that action.  *Id*.  When a corporation lacks capacity to maintain a claim because it is not licensed or registered in the State of Ohio, such claim should be dismissed.[1]  *Id*.; *see also Sta-Rite Indus., LLC v. Preferred Pump & Equip.*, Case No. 5:08 CV 1072, 2008 U.S. Dist. LEXIS 117242, at 9-10 (N.D. Ohio Aug. 14, 2008) (citing *CDA of America Inc. v. Midland Life Ins. Co.*, Case No. 01-CV-837, 2006 U.S. Dist. LEXIS 97327, at 5 (S.D. Ohio Mar. 27, 2006)).

---

[1] Because the dismissal is based on a procedural matter rather than the substance of the case, there is no adjudication upon the merits and the dismissal of the action should occur without prejudice.  *Nat'l. Crime Reporting, Inc. v. McCord & Akamine, LLP*, 2008-Ohio-3950, 177 Ohio App. 3d 551, 895 N.E.2d 255 (10th Dist.).

Here, Calvin is a foreign corporation.  It has transacted business in Ohio by entering into the Agreement with an Ohio company.  Such agreement is governed by Ohio law and it selects Ohio as the <u>exclusive</u> venue for the filing of any claims under the Agreement. Calvin has not, however, obtained a license from the Ohio Secretary of State, as is required under R.C. 1703.03, in order to maintain such an action.  Under R.C. 1703.29(A), Calvin's Counterclaim must therefore be dismissed.

## IV.

## <u>CONCLUSION</u>

For all of the foregoing reasons, this Court should grant partial summary judgment in favor of Plaintiff.

Respectfully submitted,

<u>/s/ Daniel P. Corcoran</u>
Daniel P. Corcoran (#0083512)
Adam J. Schwendeman (#0097521)
**THEISEN BROCK,**
   *a legal professional association*
424 Second Street
Marietta, Ohio  45750
Telephone:  (740) 373-5455
Telecopier: (740) 373-4409
corcoran@theisenbrock.com
schwendeman@theisenbrock.com
*Counsel for Plaintiff, Wolf Creek Contracting*
*Company, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2020, I electronically filed the foregoing **Memorandum in Support Plaintiff's Motion for Partial Summary Judgment** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record, provided they are CM/ECMF participants.

/s/ Daniel P. Corcoran
Daniel P. Corcoran (#0083512)
Adam J. Schwendeman (#0097521)
**THEISEN BROCK,**
   *a legal professional association*
424 Second Street
Marietta, Ohio 45750
Telephone: (740) 373-5455
Telecopier: (740) 373-4409
corcoran@theisenbrock.com
schwendeman@theisenbrock.com
*Counsel for Plaintiff, Wolf Creek Contracting Company, LLC*

(484089)