IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Wolf Creek Contracting Company, LLC,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 2:19-cv-4142 |
| | : | |
| **Calvin Contractors, Inc.,** | : | **JUDGE SARAH D. MORRISON** |
| | : | **Magistrate Judge Jolson** |
| Defendant. | : | |

## OPINION & ORDER

Plaintiff Wolf Creek Contracting, LLC ("Wolf Creek") moves for partial summary judgment. (ECF No. 15.) Defendant Calvin Contractors, Inc. ("Calvin") opposes. (ECF No. 16). After due consideration, the Court **DENIES** the motion as **MOOT**. (ECF No. 15.)

I.  BACKGROUND

In April 2018, Wolf Creek, an Ohio limited liability company, and Calvin, a West Virginia corporation, entered into a Subcontract Agreement ("Agreement") regarding the construction of the Nicholas Counter Transfer Station ("Project") in Calvin, West Virginia. (Gatewood Aff. ¶ 3; ECF No. 1-1.) The Project encompassed public land. Pursuant to the Contract, Wolf Creek agreed to pay Calvin $65,000 for completing the Project's site work. Disputes about Calvin's performance arose, resulting in Wolf Creek's terminating the Agreement in June 2018. Thereafter, Calvin placed a $42,660.00 mechanic's lien on the worksite in August 2018.

Wolf Creek's two-count diversity Complaint asserts a claim for breach of contract and seeks a declaratory judgment that the mechanic's lien is void, legally ineffective, released, and/or

discharged. Wolf Creek seeks $179,517.65 in damages.[1] Calvin denies all allegations and asserts counterclaims for breach of contract and unjust enrichment. (ECF No. 8.)

Presently, Wolf Creek moves for summary judgment on its declaratory judgment count and on Calvin's counterclaims. The Court reviews the requisite standard before turning to a consideration of the parties' arguments.

**II.     STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 56, summary judgment is proper if the evidentiary materials in the record show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Longaberger Co. v. Kolt*, 586 F.3d 459, 465 (6th Cir. 2009). The moving party bears the burden of proving the absence of genuine issues of material fact and its entitlement to judgment as a matter of law, which may be accomplished by demonstrating that the nonmoving party lacks evidence to support an essential element of its case on which it would bear the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Walton v. Ford Motor Co.*, 424 F.3d 481, 485 (6th Cir. 2005).

The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original); *see also Longaberger*, 586 F.3d at 465. "Only disputed material facts, those 'that might affect the outcome of the suit under the governing law,' will preclude summary judgment." *Daugherty v. Sajar Plastics, Inc.*, 544 F.3d 696, 702 (6th Cir. 2008) (quoting

---

[1] Wolf Creek's members are all Ohio citizens. (ECF No. 18.) Therefore, the parties are diverse. The amount in controversy requirement is also satisfied. Hence, the Court has jurisdiction under 28 U.S.C. § 1332(a).

*Anderson*, 477 U.S. at 248). Accordingly, the nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 340 (6th Cir. 1993).

A district court considering a motion for summary judgment may not weigh evidence or make credibility determinations. *Daugherty*, 544 F.3d at 702; *Adams v. Metiva*, 31 F.3d 375, 379 (6th Cir. 1994). Rather, in reviewing a motion for summary judgment, a court must determine whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52. The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Eastman Kodak Co. v. Image Technical Servs., Inc.*, 504 U.S. 451, 456 (1992). However, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252; *see Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009).

### III. ANALYSIS

Wolf Creek argues summary judgment in its favor is warranted on its declaratory judgment count because public property is not subject to a mechanic's lien under West Virginia Code 38-2-9. Calvin's response establishes that it has released its lien. (ECF No. 16.) Hence, Wolf Creek's Motion for Partial Summary Judgment as to its declaratory judgment claim is **MOOT**. (ECF No. 15.)

Wolf Creek next seeks dismissal of Calvin's breach of contract and unjust enrichment counterclaims without prejudice. As grounds, Wolf Creek states that Calvin cannot assert those

claims under R.C. § § 1703.03 and 1703.29(A) because Calvin is not licensed or registered to do business in Ohio. Ohio R.C. § 1703.03 states "[n]o foreign corporation . . . shall transact business in this state unless it holds an unexpired and uncanceled license to do so issued by the secretary of state." In turn, R.C. § 1703.29(A) provides:

> [t]he failure of any corporation to obtain a license under sections 1703.01 to 1703.31 of the Revised Code, does not affect the validity of any contract with such corporation, but no foreign corporation that should have obtained such license shall maintain any action in any court until it has obtained such license.

Calvin agrees that it was not licensed to conduct business in Ohio at the time it filed its counterclaims. (ECF No. 16.) Calvin, however, has since registered with the Ohio Secretary of State as a foreign corporation. *Id*. As such, Calvin urges dismissal is inappropriate.

The Court concurs. Other courts in this district have declined to dismiss under similar circumstances. *See Capital City Energy Grp., Inc. v. Kelley Drye & Warren LLP*, No. 2:11-cv-00207, 2011 U.S. Dist. LEXIS 125784, at *12 (S.D. Ohio Oct. 31, 2011) (declining to dismiss case for a "nonexistent violation" when plaintiff remedied issue of licensing after filing its Complaint but prior to motion to dismiss becoming ripe in interest of judicial economy); *Ferron v. Search Cactus, L.L.C*., No. 2:06-CV-327, 2007 WL 1792331, at *3 (S.D. Ohio June 19, 2007) (denying motion to dismiss defendant's counterclaim because defendant became registered in Ohio before motion to dismiss was ripe in interest of judicial economy). The Court sees no reason to reach a different result here. Hence, Wolf Creek's Motion for Partial Summary Judgment as to Calvin's counterclaims is **MOOT**. (ECF No. 15.)

## IV. CONCLUSION

Wolf Creek's Motion for Partial Summary Judgment is **DENIED** as **MOOT**. (ECF No. 15.)

**IT IS SO ORDERED**.

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT COURT**
